GISKAN SOLOTAROFF & ANDERSON LLP
217 Centre Street, 6th Floor
New York, New York 10013
(212) 847-8315
Oren Giskan
Aliaksandra Ramanenka
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KARINA BIBICHEFF,

                Plaintiff,

    -against-                              **COMPLAINT**

                                                **JURY TRIAL DEMANDED**

CHASE BANK USA, N.A. and
PAYPAL, INC.,

                Defendants.

-------------------------------------------------------------------X

      Plaintiff Karina Bibicheff, M.D., ("Plaintiff" or "Dr. Bibicheff"), by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendants, alleges as follows:

**Nature of the Action**

      1.      Plaintiff, the victim of identity theft, brings this action pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and state law as a result of Defendant Chase Bank USA, N.A.'s ("Chase") unlawful refusal to reverse $135,475.26 in fraudulent and unauthorized charges on Plaintiff's two credit cards issued by Chase.

      2.      Plaintiff also brings a diversity claim against Defendant PayPal, Inc. ("PayPal") for its failure to protect Plaintiff against fraudulent and unauthorized transactions paid by

Plaintiff's Chase credit cards in the amount of $126,646.46 – despite its online representations to protect consumers from unauthorized transactions – in violation of the New York General Business Law § 349.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims brought under TILA against Chase pursuant to 28 U.S.C. §1331. As to the state law claims against Chase, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over Chase because a substantial portion of the wrongdoing alleged in this Complaint took place in New York, Chase is authorized to do business in New York, Chase has sufficient minimum contacts with New York, and/or Chase intentionally avails itself of markets in New York through the promotion, marketing and sale of credit products and services in New York. Chase regularly transacts business in New York, and the claims in this case arise out of such transactions.

5. This Court has subject matter jurisdiction over the claim against PayPal pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties and the amount in controversy exceeding $75,000.

6. This Court has personal jurisdiction over PayPal because a substantial portion of the wrongdoing alleged in this Complaint took place in New York, PaylPal is authorized to do business in New York, PayPal has sufficient minimum contacts with New York, and/or PayPal intentionally avails itself of markets in New York through the promotion, marketing and sale of its online payment services in New York. PayPal regularly transacts business in New York, and the claims in this case arise out of such transactions.

7. Venue is properly before this Court pursuant to 28 U.S.C. §1391(a), as a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

8. Plaintiff Karina Bibicheff, M.D., is domiciled in Nassau County, New York. Dr. Bibicheff owns and operates a medical spa salon in Old Brookville, New York.

9. Defendant Chase Bank USA, N.A. is a national banking association, headquartered in the State of Delaware. Chase is a wholly-owned subsidiary of JP Morgan Chase & Co. ("JPM"), a leading global financial services firm. Chase is the legal entity for JPM's credit card business. At all relevant times, Chase was a "card issuer" as defined in 15 U.S.C § 1602(n). At all relevant times, Chase was a "creditor" as defined in 15 U.S.C. § 1602(f).

10. Defendant PayPal, Inc. is a corporation organized under the laws of Delaware with a principal place of business in San Jose, California.

## THE FACTS

11. At all relative times, Dr. Bibicheff was a holder of a credit card issued by Chase bearing account number ending in 2163, subsequently replaced by account number ending in 6680 ("Slate Card.")

12. At all relative times, Dr. Bibicheff was a holder of a credit card issued by Chase bearing account number ending in 8276, subsequently replaced by account number ending in 8379 ("Ink Card").

13. On or about August 25, 2016, Dr. Bibicheff notified Chase of numerous unauthorized charges appearing on her Slate and Ink credit card accounts.

14. The unauthorized transactions on Slate Card span from approximately June 2014 through August 22, 2016 and total $55,805.94. Of this amount, $50,385.73 was transferred to

and used for unauthorized transactions through a PayPal account that the identity thief fraudulently created in Plaintiff's name, without her knowledge or approval ("Fraudulent PayPal Account"). The remaining amount of $5,420.21 was transferred and used for unauthorized purchases through Plaintiff's properly created Staples account.

15. The unauthorized transactions on Ink Card span from approximately November 2015 through August 23, 2016 and total $79,669.32. Of this amount, $76,260.73 was transferred to and used for unauthorized transactions through the Fraudulent PayPal Account. The remaining amount of $3,408.59 was transferred and used for unauthorized purchases through Plaintiff's properly created Staples account.

16. Dr. Bibicheff did not authorize any of the transactions described above and was not aware of the fraudulent nature of such transactions until August 2016, when she learned the results of her business audit for the year of 2015.

17. On information and belief, PayPal allows its users to title transactions conducted through their PayPal accounts as a user wishes. The fraudulent PayPal transactions listed in Dr. Bibicheff's credit cards statements on their face appear to be legitimate and relating to her business. In reality, however, all PayPal transactions that appear on Dr. Bibicheff's credit cards statements were fraudulent and unauthorized, and neither Dr. Bibicheff nor her business received any benefit from these transactions.

18. Many of the unauthorized charges on Dr. Bibicheff's Chase credit cards were highly suspicious and should have been detected by Chase and reported to Dr. Bibicheff. For example, the identity thief entered a wrong billing address for a number of the unauthorized

transactions conducted through Dr. Bibicheff's Staples account,[1] yet Chase did not block or flag these transactions.

19. Dr. Bibicheff suspects that it was her former office manager who, without Dr. Bibicheff's knowledge or approval, gained access to Dr. Bibicheff's personal information, created the Fraudulent PayPal Account, and initiated the unauthorized fraudulent transactions using Dr. Bibicheff's Chase credit cards.

20. At no time did Dr. Bibicheff know of, authorize, or consented to the office manager's use of Dr. Bibicheff's credit cards for any purpose.

21. On September 9, 2016, Dr. Bibicheff filed a police report expressing her belief that her former office manager is responsible for the unauthorized transactions. The police investigation of this matter is ongoing.

22. Dr. Bibicheff provided Chase with a copy of the police report in October 2016.

***Chase's Investigation and Refusal to Reverse the Unauthorized Charges***

23. After Dr. Bibicheff informed Chase about the unauthorized transactions on her Slate and Ink credit cards in August 2016, Chase initially credited her accounts for a portion of the amount of the unauthorized charges.

24. On or about November 2016, however, Chase reversed its decision and removed the credits from Dr. Bibicheff's account, finding Dr. Bibicheff liable for the unauthorized transactions because, according to Chase's letter dated January 5, 2017, "[Dr. Bibicheff] confirmed [she] provided [her] office manager … with access to [her] personal information."

---

[1] On Slate Card, the earliest date a wrong billing address was entered appears to be July 6, 2016; on Ink Card – July 15, 2016.

25.     In its January 5, 2017 letter, Chase also concluded that the "charges from PayPal and Staples Direct were for office and medical supplies" and, therefore, "[Dr. Bibicheff's] company benefited from the activity."

26.     These statements are false. At no time did Dr. Bibicheff provide (or state that she provided) her office manager with access to her personal information. In addition, neither Dr. Bibicheff nor her business benefited in any way from the unauthorized transactions.

27.     Dr. Bibicheff lacks knowledge as to what goods or services were actually purchased by the majority of the unauthorized transactions. However, at least some of the unauthorized transactions were for gift cards sent to an unknown email address – not "office and medical supplies" as Chase alleges.

28.     In the letter dated January 20, 2017, Chase informed Dr. Bibicheff that if she wished to continue the dispute, Chase needs "supporting documentation such as a police report."

29.     The police report, however, was provided to Chase in October 2016.

*PayPal's Misrepresentations*

30.     PayPal makes the following representations on its website:

- "Remember, you're 100% protected against unauthorized transactions sent from your account;"[2]

- "Once your claim has been filed, we'll investigate and do our best to resolve the issue. Any transaction found to be in error or unauthorized will be refunded;"[3]

- "If you report an unauthorized transaction problem within 60 days from the transaction date, we'll investigate right away. You aren't liable for unauthorized purchases made from your account."[4]

---

[2] *See* https://www.paypal.com/us/selfhelp/article/how-do-i-report-unauthorized-paypal-account-activity-faq1988 (last visited on August 9, 2017).
[3] *See* https://www.paypal.com/us/webapps/mpp/security/unauthorized-transactions (last visited on August 9, 2017).

31.     On or about August 31, 2016, Dr. Bibicheff filed a complaint with PayPal regarding the unauthorized transactions and requested information pertaining to the creation of the Fraudulent PayPal Account and the transactions made through it.

32.     PayPal failed to refund the transactions made through the Fraudulent PayPal Account and refused to provide any substantive information related to the nature of the transactions and/or the merchants associated with the transactions.

33.     The most recent transaction through the Fraudulent PayPal Account was made on August 23, 2016.

**FIRST CLAIM FOR RELIEF**
(Violation of Truth In Lending Act, 15 U.S.C. §1601 *et seq.* against Chase)

34.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

35.     Pursuant to Section 1643 of TILA, a consumer shall not be liable for charges exceeding $50.00 in cases where the use of the credit card is "unauthorized" and has occurred as a result of loss, theft or otherwise.

36.     Under TILA and the federal regulations promulgated pursuant thereto, the "unauthorized use" of a credit card is defined as "use of a credit card by a person, other than the cardholder, who does not have actual, implied, or apparent authority for such use, and from which the cardholder receives no benefit." 15 U.S.C. §§ 1602(o) and 1643; 12 C.F.R. § 226.12(b)(1)(i).

---

[4] *See* https://www.paypal.com/us/webapps/mpp/paypal-safety-and-security (last visited on August 9, 2017).

37. Neither Dr. Bibicheff's office manager nor any other person who may ultimately be found responsible for the unauthorized charges on Dr. Bibicheff's Ink and Slate cards, had actual, implied, or apparent authority to incur those charges.

38. Neither Dr. Bibicheff nor her business benefited from the unauthorized charges on the Ink or Slate credit cards.

39. Chase has, and continues to, demand payment in full from Plaintiff for the unauthorized charges on her Ink and Slate credit cards accounts in the total amount of $135,475.26.

40. Pursuant to 15 U.S.C. § 1640(a), Chase is liable for actual damage sustained by Plaintiff as a result of Chase's failure to comply with 15 U.S.C. § 1643, including, but not limited to: (a) the amount of the unauthorized charges on Slate and Ink credit cards, (b) the amount of all finance charges associated with the unauthorized charges, (c) the amount of all late fees associated with the unauthorized charges, and (d) damage to Plaintiff's credit, to the extent Chase has reported the unpaid amounts for the unauthorized charges, finance charges and late fees to any credit reporting agencies.

41. Pursuant to 15 U.S.C. §§ 1640(a)(3), Chase is liable to Plaintiff for the costs of this action together with Plaintiff's reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
(Negligence against Chase)

42. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

43. Chase negligently failed to discover and notify Plaintiff of the numerous suspicious charges on her Ink and Slate credit cards. On information and belief, Chase also

negligently failed to follow their own policies and procedures with respect to suspicious and uncharacteristic charges.

44. Chase's negligence exceeds any negligence of Plaintiff. Plaintiff has suffered damage as a result of Chase's negligence.

### THIRD CLAIM FOR RELIEF
(for Declaratory Judgment against Chase)

45. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

46. Plaintiff requests that the Court declares that Plaintiff is not liable for any and all unauthorized charges in excess of $50.00 on Plaintiff's Ink and Slate credit cards.

### FOURTH CLAIM FOR RELIEF
(Breach of Implied Covenant of Good Faith and Fair Dealing against Chase)

47. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

48. In the Cardmember Agreements for Ink Card and Slate Card, Chase promises to investigate any mistakes Plaintiff believes appear on the credit cards statements.

49. Chase failed to investigate in good faith the unauthorized charges Plaintiff reported to Chase.

50. Plaintiff has suffered damages as a result of Chase's breach of the covenant of good faith and fair dealing.

### FIFTH CLAIM FOR RELIEF
(For Unfair and Deceptive Business Acts and Practices
in violation of N.Y. Gen. Bus. Law. § 349 against PayPal)

51. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

52. At all relevant times, PayPal's conduct in marketing, advertising and promotion of its services was consumer oriented practices within the meaning of G.B.L. § 349.

53. G.B.L. § 349 provides that it is unlawful to employ a deceptive act or practice in the conduct of any business, trade or commerce in this state.

54. PayPal's practices violated G.B.L. § 349 by misrepresenting to Plaintiff that:

- she was "100% protected against unauthorized transactions sent from [her] account.;"

- "[o]nce [her] claim has been filed, [PayPal will] investigate and do [its] best to resolve the issue;"

- "[a]ny transaction found to be in error or unauthorized will be refunded;"

- "[she is not] liable for unauthorized purchases made from [her] account."

55. PayPal's misrepresentations constitute violations of G.B.L. § 349.

56. PayPal's conduct, as alleged herein, was likely to mislead a reasonable consumer, such as Plaintiff, acting reasonably under the circumstances into falsely believing that the above listed misrepresentations were true.

57. PayPal engaged in the deceptive acts and practices in order to sell to consumers its services.

58. PayPal's misconduct was willful, intentional, or reckless.

59. As a direct and proximate result of PayPal's deceptive acts and/or practices, Plaintiff suffered injuries, including monetary loss.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

**WHEREFORE**, Plaintiff demands judgment against Defendants:

A. Enter a declaratory judgment that Plaintiff is not liable for any fraudulent and/or unauthorized charges in excess of $50.00 on the Ink and Slate credit cards (against Chase);

B. Award Plaintiff compensatory damages, including all damages arising from the fraudulent and unauthorized charges on Plaintiff's Ink and Slate credit cards (against Chase);

C. Award Plaintiff statutory damages under TILA (against Chase);

D. Award Plaintiff damages for violation of G.B.L. §349 in the amount to be proven at trial (against PayPal);

E. Award Plaintiff reasonable attorneys' fees and costs (against Chase and PayPal);

F. Awarding Plaintiff punitive damages (against Chase and PayPal); and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and proper.

Dated: New York, New York
August 9, 2017

GISKAN, SOLOTAROFF & ANDERSON LLP

By:    /s/*Oren Giskan*
Oren Giskan
Aliaksandra Ramanenka
(212) 847-8315
217 Centre Street, 6th Floor
New York, New York 10013
ATTORNEYS FOR PLAINTIFF