**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO
SEOUL   SHANGHAI   SILICON VALLEY   WASHINGTON

Kathryn Cahoy

Covington & Burling LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065-1418
T  +1 650 632 4735
kcahoy@cov.com

June 5, 2018

Hon. Anne Y. Shields
100 Federal Plaza
P.O. Box 830
Central Islip New York 11722

Re:  **Bibicheff v. Chase Bank USA, N.A., Case No. 17-cv-04679 (DRH) (AYS)**

Dear Judge Shields:

We represent Defendant Chase Bank USA, N.A. ("Chase") in this action. I write on behalf of Chase in response to the letter Plaintiff's counsel filed yesterday evening.[1]

The purpose of Plaintiff's letter ostensibly was to inform the Court that "the parties were not able to agree on the discovery schedule," but Plaintiff fails to identify any specific disagreement with the proposed schedule attached to her letter. *See* Dkt. No. 34-1. That schedule was first proposed by Chase on May 4, 2018 (and slightly revised for the first two dates on May 30, 2018, to account for the new date of the initial conference). Chase's proposed schedule also has been accepted by PayPal. While Plaintiff claims that Plaintiff and Chase have "not been able to agree to a mutually acceptable discovery schedule," Plaintiff has not identified any specific objection to the schedule or submitted a competing schedule of her own. Chase thus respectfully requests that this Court enter the proposed schedule attached to Plaintiff's letter.

Rather than to raise a specific objection to the schedule, the apparent purpose of Plaintiff's letter is to raise a discovery dispute regarding the appropriate scope of Tier One discovery referenced in this Court's standing order and in the proposed scheduling worksheet. *See* Dkt. No. 27-1, at 4; Dkt. No. 34-1. Chase notified Plaintiff's counsel before she filed her letter that raising such a dispute in a letter before the initial conference appeared to violate Section VI.C of this Court's standing order. *See id*. However, Plaintiff filed it anyway. Out of an abundance of caution, Chase submits this letter in response.

---

[1]   Plaintiff's counsel first notified Chase of her intent to file such letter at approximately 2 p.m. on June 4, 2018, after counsel for Chase emailed her (and PayPal's counsel) to circulate what Chase believed was a final version of the discovery plan worksheet and asked whether Plaintiff's counsel planned to file it or whether Chase should.

COVINGTON

Hon. Anne Y. Shields
June 5, 2018
Page 2

As a threshold matter, Chase has moved to dismiss all of Plaintiff's claims asserted against Chase for failure to state a claim. *See* Dkt. No. 28. While Chase believes that *no* discovery should occur until that motion to dismiss has been resolved, it nevertheless committed in the spirit of compromise to produce substantial documents to Plaintiff during Tier One discovery. In particular, as part of the Tier One discovery process, Chase has agreed to provide (1) Rule 26(a) initial disclosures, (2) call recordings with Plaintiff relating to the claims and defenses at issue, (3) correspondence between Chase and Plaintiff relating to the claims and defenses at issue, and (4) account statements during the relevant time period.

Plaintiff nevertheless believes that Chase also should be required to produce during Tier One discovery the full "[i]nvestigation file related to Plaintiff's dispute" and "Chase's policy on investigating claims of fraudulent/unauthorized credit card transactions for the relevant time period." Dkt. No. 34, at 2.[2] This Court should reject this request as premature and beyond the scope of Tier One discovery.

This Court's standing order limits Tier One discovery to "initial disclosures and any other readily available documentary evidence supporting claims or defenses." Dkt. No. 27-1, at 4; *see also* Dkt. 34-1, at 2 (acknowledging that Phase 1 consists of a "[r]eciprocal and agreed upon document production"). The information Plaintiff seeks to compel Chase to produce at this early stage is not "readily available." For example, producing Chase's "entire" investigation file would require Chase to undertake a detailed search for documents and a privilege review of any identified documents (including preparation and production of a privilege log) within a 30-day period. Imposing such a requirement on Chase is unduly burdensome at this stage in the case, especially given Chase's commitment to produce a substantial volume of documents and given Chase's pending case-dispositive motion to dismiss.

The same is true with respect to Plaintiff's overbroad request for Chase's fraud investigation policy. That policy is not "readily available," and Chase would be required to undertake a detailed search for the relevant policy for the relevant time period. And production of Chase's fraud investigation policy may implicate potentially privileged documents as well. It also is questionable whether that policy is even relevant to this case: Plaintiff's claims against Chase ultimately turn on whether Plaintiff authorized the charges at issue in the Complaint, and Chase was entitled under controlling Second Circuit precedent to treat those charges as authorized because Plaintiff "fail[ed] to examine credit card statements that would reveal fraudulent use of the card" and yet paid the allegedly unauthorized charges anyway. *Minskoff v. American Express Travel Related Services Co., Inc.*, 98 F.3d 703, 709-10 (2d Cir. 1996); *see also Azur v. Chase Bank USA, N.A.*, 601 F.3d 212, 222 (3d Cir. 2010) ("continuous payment of the fraudulent charges" means card issuers are entitled to treat charges as authorized as a matter of law).

Plaintiff's contention that Chase should produce these materials now boils down to her assertion that "Chase's burden in the review and production of these materials would be commensurate with the compromise of not engaging in the full discovery, including 30(b)(6)

---

[2] The parties now agree that Chase is not required to produce its "credit card fraud detection policy for the relevant time period," as Plaintiff initially requested. Dkt. No. 34, at 2.

COVINGTON

Hon. Anne Y. Shields
June 5, 2018
Page 3

depositions" at this time. Dkt. No. 34, at 2. But this Court's standing order contemplates that Tier One discovery already does not include "full discovery," but rather is limited to a narrow category of "readily available" information. Tellingly, even Plaintiff does not suggest that the documents she seeks now are "readily available," nor would she have a basis for doing so.

Moreover, there is nothing "reciprocal" about the documents Plaintiff is demanding from Chase. Plaintiff has not offered to produce *her* entire investigation file of the alleged unauthorized charges at issue or *her* policy for detecting fraudulent activity on her Chase or other business accounts. In fact, despite repeated requests from Chase, Plaintiff has not committed to producing *a single document* to Chase during Tier One discovery.[3]

In sum, Plaintiff has not offered any specific objection to the discovery plan worksheet she filed, only to Chase's position on the appropriate scope of Tier One discovery. Chase thus respectfully requests that the Court enter the case schedule referenced in the discovery plan worksheet attached to Plaintiff's counsel's letter. *See* Dkt. No. 34-1.

Sincerely,

*s/ Kathryn E. Cahoy*

Kathryn Cahoy

cc:   All counsel of record via ECF

---

[3] Chase initially requested that Plaintiff produce a narrow set of documents as part of Tier One discovery during a May 4 meet and confer. Chase renewed its request via email on May 30, 2018. Plaintiff has not responded.