BIBICHEFF & ASSOCIATES, P.C.
2568 86th Street, Floor 2
Brooklyn, NY 11214
718-232-3625
Allison N. grosz
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

KARINA BIBICHEFF,

                Plaintiff,                **2:17-cv-04679 (DRH) (AYS)**

    -against-                    **AMENDED COMPLAINT**

                                                     **JURY TRIAL DEMANDED**

PAYPAL, INC.,

                Defendant.

------------------------------------------------------------------X

Plaintiff Karina Bibicheff, M.D., ("Plaintiff" or "Dr. Bibicheff"), by her attorneys Bibicheff & Associates, P.C., for her Complaint against Defendant, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, the victim of identity theft, brings a diversity claim against Defendant PayPal, Inc. ("PayPal") for its failure to protect Plaintiff against fraudulent and unauthorized transactions in the amount of $524,385.86 – despite its online representations to protect consumers from unauthorized transactions – in violation of the New York General Business Law § 349, breach of the Implied Covenant of Good Faith and Fair Dealing, negligence, negligent infliction of Plaintiff's emotional distress, and for unjust enrichment, and other laws.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claim against PayPal pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties and the amount in controversy exceeding $75,000.

3. This Court has personal jurisdiction over PayPal because a substantial portion of the wrongdoing alleged in this Complaint took place in New York, PayPal is authorized to do business in New York, PayPal has sufficient minimum contacts with New York, and/or PayPal intentionally avails itself of markets in New York through the promotion, marketing and sale of its online payment services in New York. PayPal regularly transacts business in New York, and the claims in this case arise out of such transactions.

4. Venue is properly before this Court pursuant to 28 U.S.C. §1391(a), as a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

5. Plaintiff Karina Bibicheff, M.D., is domiciled in Nassau County, New York. Dr. Bibicheff owns and operates a medical spa salon in Old Brookville, New York.

6. PayPal, Inc. is a corporation organized under the laws of Delaware with a principal place of business in San Jose, California.

## THE FACTS

7. At all relative times, Dr. Bibicheff was a holder of credit cards issued by various banks, including former Defendant in this matter Chase Bank.

8. Dr. Bibicheff's credit cards utilized in this matter are as follows: Visa credit cards bearing the account numbers ending in 2163, 1484, 5902, 4104, 0561, 0855, and 6415; Master Card credit cards bearing the account numbers ending in 8276, 2007, 2615, 5243, and 6644;

American Express credit cards bearing the account numbers ending in 11003, 71003, 33012, 32014, 33002, and 12001.

9. The above-listed credit cards were used for unauthorized transactions through twelve (12) PayPal accounts that the identity thief fraudulently created in Plaintiff's name and/or business name and/or social security number, without her knowledge or approval ("Fraudulent PayPal Accounts").

10. The Fraudulent PayPal Accounts, through which the unauthorized transactions were made, bear the account numbers ending in: 6613, 2407, 3926, 8229, 9706, 2926, 9716, 2578, 0340, 3382, 8657, and 3048.

11. The unauthorized transactions using the above-listed credit cards, through the Fraudulent PayPal Accounts, span from approximately August 12, 2009 through August 23, 2016 and total $524,385.86.

12. The most recent known transaction through the Fraudulent PayPal Account was made on August 23, 2016.

13. On information and belief, PayPal allows its users to title transactions conducted through their PayPal accounts as a user wishes. Therefore, a PayPal account user is not required to title the goods and/or services actually remitted in a transaction. The fraudulent PayPal transactions listed in Dr. Bibicheff's credit cards' statements, on their face, appear to be legitimate and relating to her business. In reality, however, all PayPal transactions conducted through the Fraudulent PayPal Accounts that appear on Dr. Bibicheff's credit cards' statements were fraudulent and unauthorized, and neither Dr. Bibicheff nor her business received any benefit from these transactions.

## PayPal's Misrepresentations

14. PayPal makes the following representations on its website at the time Dr. Bibicheff reported fraudulent activity to PayPal:

    a. "Remember, you're 100% protected against unauthorized transactions sent from your account;"[1]

    b. "Once your claim has been filed, we'll investigate and do our best to resolve the issue. Any transaction found to be in error or unauthorized will be refunded;"[2]

    c. "If you report an unauthorized transaction problem within 60 days from the transaction date, we'll investigate right away. You aren't liable for unauthorized purchases made from your account."[3]

15. PayPal maintains the following representations on its website:

    a. "Every transaction is monitored and analyzed within milliseconds to identify and help prevent fraud before it occurs."[4]

    b. "Every transaction is heavily guarded behind our advanced encryption. We monitor transactions 24/7 to help prevent fraud and identity theft."[5]

    c. "We provide the expertise and tools to guide you through the process of resolving a chargeback, be it related to an unauthorized transaction or an item not received."[6]

    d. "$0 liability…If you're charged for something you didn't purchase, tell us. We'll

---

[1] See https://www.paypal.com/us/selfhelp/article/how-do-i-report-unauthorized-paypal-account- activity-faq1988 (last visited on August 9, 2017).
[2] See https://www.paypal.com/us/webapps/mpp/security/unauthorized-transactions (last visited on August 9, 2017).
[3] *See* https://www.paypal.com/us/webapps/mpp/paypal-safety-and-security (last visited on August 9, 2017).
[4] https://www.paypal.com/tw/webapps/mpp/paypal-safety-and-security?locale.x=en_TW (last visited on May 10, 2019).
[5] See id.
[6] See id.

secure your account and investigate."[7]

16. On or about August 31, 2016, Dr. Bibicheff filed a complaint with PayPal regarding the unauthorized transactions and requested information pertaining to any and all of her PayPal Account(s) at that time and the transactions made therein.

17. At that time, PayPal failed to refund the transactions made through the Fraudulent PayPal Accounts and refused to provide any substantive information related to the nature of the transactions and/or the merchants associated with the transactions.

18. Dr. Bibicheff did not authorize any of the transactions described above and was not aware of the full extent of – nor the fraudulent nature of – such transactions until March 2019, when PayPal issued a list of all accounts, and total amount in transactions for each account, bearing Plaintiff's name and/or business name and/or social security number.

19. Dr. Bibicheff suspects that it was her former office manager who, without Dr. Bibicheff's knowledge or approval, gained access to Dr. Bibicheff's personal information, created the Fraudulent PayPal Accounts, and initiated the unauthorized fraudulent transactions using Dr. Bibicheff's credit cards.

20. At no time did Dr. Bibicheff know of, authorize, or consent to the office manager, or anyone else's use of Dr. Bibicheff's credit cards for any purpose.

21. At no time did Dr. Bibicheff know of, authorize, or consent to the office manager's creation and operation of the Fraudulent PayPal Accounts under Dr. Bibicheff's name, and/or business name, and/or social security number.

22. On September 9, 2016, Dr. Bibicheff filed a police report expressing her belief that her former office manager is responsible for the unauthorized transactions. The police

---

[7] https://www.paypal.com/tw/webapps/mpp/paypal-buyer-protection?locale.x=en_TW (last visited on May 10, 2019).

investigation of this matter is ongoing.

23. Dr. Bibicheff lacks knowledge as to what goods and/or services, if any, were actually purchased by the majority of the unauthorized transactions within the Fraudulent PayPal Accounts.

24. Neither has PayPal given Dr. Bibicheff access to information about the specific PayPal transactions, the goods and/or services rendered, if any, or which credit card was used for what fraudulent transaction, despite numerous requests for such.

25. Prior to litigation, citing that the Fraudulent PayPal Accounts having already been closed, PayPal insists that the company is not authorized to give Dr. Bibicheff this information, despite that the Fraudulent PayPal Accounts are in her name and/or her business name and/or her social security number.

26. The checking account linked to two (2) currently known Fraudulent PayPal Accounts is not now – nor at any time was – Plaintiff's checking account.

27. Upon information and belief, the unauthorized transactions through all Fraudulent PayPal Accounts were paid from those Fraudulent PayPal Accounts into the linked checking account.

28. Upon information and belief, the checking account linked to these Fraudulent PayPal Accounts was the personal checking account of the identity thief.

29. On information and belief, PayPal takes a fee of 2.9% (two-point-nine percent) per merchant transaction, in addition to $0.30 (thirty cents) per sale.[8]

---

[8] See https://www.paypal.com/en/webapps/mpp/paypal-fees (last visited on April 10, 2019).

## FIRST CLAIM FOR RELIEF
(For Unfair and Deceptive Business Acts and Practices
in violation of N.Y. Gen. Bus. Law. § 349)

30. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

31. At all relevant times, PayPal's conduct in marketing, advertising and promotion of its services was consumer-oriented practices within the meaning of G.B.L. § 349.

32. G.B.L. § 349 provides that it is unlawful to employ a deceptive act or practice in the conduct of any business, trade or commerce in this state.

33. PayPal's practices violated G.B.L. § 349 by misrepresenting to Plaintiff that:

    a. she was "100% protected against unauthorized transactions sent from [her] account";

    b. "[o]nce [her] claim has been filed, [PayPal will] investigate and do [its] best to resolve the issue";

    c. "[a]ny transaction found to be in error or unauthorized will be refunded";

    d. "[she is not] liable for unauthorized purchases made from [her] account."

34. PayPal's misrepresentations constitute violations of G.B.L. § 349.

35. PayPal's conduct, as alleged herein, was likely to mislead a reasonable consumer, such as Plaintiff, acting reasonably under the circumstances into falsely believing that the above listed misrepresentations were true.

36. PayPal engaged in the deceptive acts and practices in order to sell to consumers its services.

37. PayPal's misconduct was willful, intentional, and/or reckless.

38. As a direct and proximate result of PayPal's deceptive acts and/or practices, Plaintiff suffered injuries, including monetary loss.

## SECOND CLAIM FOR RELIEF
(Negligence)

39. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

40. On information and belief, PayPal negligently failed to monitor, validate, discover, flag, investigate, and notify Plaintiff of the numerous suspicious accounts being created under her name and/or business name and/or social security number, as well as numerous suspicious transactions under those accounts.

41. On information and belief, PayPal also negligently failed to follow their own policies and procedures with respect to suspicious and uncharacteristic account activity. Thus, PayPal owed Plaintiff a duty of care and breached this duty.

42. Upon information and belief, despite their guarantee that they will investigate suspicious or unauthorized activity related to any of her accounts and that Plaintiff would not be responsible for any unauthorized or fraudulent activity, when Plaintiff notified PayPal of the unauthorized and fraudulent activity, PayPal in bad faith refused to conduct any investigation.

43. Rather PayPal told Plaintiff that her fraudulent accounts were already closed, despite her not having any awareness of their existence at that time, and thereafter in bad faith refused to provide Plaintiff with any details or documentation related to any of her accounts' history, such as the creation of the accounts, merchant information, account activities, transaction information, payment information, or any other details related to the PayPal accounts under Plaintiff's name and/or business name and/or social security number.

44. As a result of the breach of PayPal's duty owed to Plaintiff, Plaintiff suffered personal injury in addition to economic loss. Specifically, PayPal's actions negligently inflicted

Plaintiff emotional distress, causing her emotional harm and fear of her own physical well-being as an immediate and direct result of PayPal's negligence.

45. Plaintiff has suffered emotional, fear of physical harm, and economic damage as a result of PayPal's negligence.

**THIRD CLAIM FOR RELIEF**
(Unjust Enrichment)

46. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

47. PayPal benefitted from the creation and use of the Plaintiff's Fraudulent PayPal Accounts by means of the unauthorized transactions therein.

48. PayPal received a monetary sum and transaction fee on each unauthorized transaction passed through the Plaintiff's Fraudulent PayPal Accounts.

49. Upon discovery of the Fraudulent PayPal Accounts and their unauthorized transactions, PayPal failed to recompense Plaintiff.

50. Plaintiff has suffered damages as a result of PayPal's unjust enrichment.

**FOURTH CLAIM FOR RELIEF**
(Negligent Infliction of Emotional Distress)

51. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

52. PayPal's negligent behavior when failing to monitor, validate, discover, flag, investigate, and notify Plaintiff of the numerous suspicious accounts being created under her name and/or business name and/or social security number, as well as numerous suspicious transactions under those accounts, caused Plaintiff emotional distress.

53. On information and belief, PayPal also negligently failed to follow their own policies and

procedures with respect to suspicious and uncharacteristic account activity. Thus, PayPal owed Plaintiff a duty of care and breached this duty.

54. Upon information and belief, despite their guarantee to Plaintiff that they will investigate suspicious or unauthorized activity related to any of her accounts and that Plaintiff would not be responsible for any unauthorized or fraudulent activity, when Plaintiff notified PayPal of the unauthorized and fraudulent activity, in bad faith PayPal refused to conduct any investigation.

55. Rather PayPal told Plaintiff that her fraudulent accounts were already closed, despite her not having any awareness of their existence at that time, and thereafter, in bad faith, refused to provide Plaintiff with any details or documentation related to any of her accounts' history, such as the creation of the accounts, merchant information, account activities, transaction information, payment information, or any other details related to the PayPal accounts under Plaintiff's name and/or business name and/or social security number.

56. As a result of the breach of PayPal's duty owed to Plaintiff, Plaintiff suffered emotional distress. Specifically, PayPal's actions negligently inflicted Plaintiff emotional distress, causing her emotional harm and fear of her own physical well-being as an immediate and direct result of PayPal's negligence.

57. Plaintiff has suffered emotional, fear of physical harm, and economic damage as a result of PayPal's negligent infliction of emotional distress.

**FIFTH CLAIM FOR RELIEF**
(for Declaratory Judgment)

58. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

59. Plaintiff requests that the Court declares that Plaintiff is not liable for any and all

unauthorized charges in excess of $50.00 for transactions on Plaintiff's fraudulently used credit cards.

## SIXTH CLAIM FOR RELIEF
(Breach of Implied Covenant of Good Faith and Fair Dealing)

60. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

61. In the User Agreement for PayPal, PayPal promises to protect, monitor, and investigate any fraudulent or suspicious use of Plaintiff's accounts or transactions therein.

62. PayPal failed to investigate in good faith the unauthorized creation of the Fraudulent PayPal Accounts and fraudulent transactions therein.

63. Nor did PayPal, after Plaintiff reported identity theft to PayPal, investigate the fraudulent accounts and their unauthorized activity, provide Plaintiff with any means to investigate the fraudulent accounts and discover the full extent of the unauthorized activity, nor recompense Plaintiff.

64. Upon information and belief, despite their guarantee to Plaintiff that they will investigate suspicious or unauthorized activity related to any of her accounts and that Plaintiff would not be responsible for any unauthorized or fraudulent activity, when Plaintiff notified PayPal of the unauthorized and fraudulent activity, PayPal in bad faith refused to conduct any investigation and, rather, merely recited to Plaintiff that her fraudulent accounts had already been closed.

65. PayPal, in bad faith thereafter refused to provide Plaintiff with any details or documentation related to any of her accounts' history, the creation of the accounts, merchant information, account activities, transaction information, payment information, or any other details related to the PayPal accounts under Plaintiff's name and/or business

name and/or social security number.

66. Plaintiff has suffered damages as a result of PayPal's breach of the covenant of good faith and fair dealing.

## SEVENTH CLAIM FOR RELIEF
(Punitive Damages)

67. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

68. PayPal's complicity in the creation and unauthorized use of Plaintiff's Fraudulent PayPal Accounts, as well as PayPal's benefitting from such fraudulent and unauthorized use, while failing to protect Plaintiff from identity theft, and failing to investigate Plaintiff's identity theft and the unauthorized transactions after Plaintiff reported identity theft to PayPal, and PayPal's failure to recompense Plaintiff for fraudulent transactions that their own marketing model assured Plaintiff she would not bear responsibility for, amount to willful or wanton negligence, recklessness and/or a conscious disregard for Plaintiff's rights.

69. As a direct and proximate result of PayPal's actions, Plaintiff suffered injuries, including monetary loss.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

A. Enter a declaratory judgment that Plaintiff is not liable for any fraudulent and/or unauthorized charges in excess of $50.00 of the Plaintiff's unauthorized transactions on her Fraudulent PayPal Accounts;

B. Award Plaintiff compensatory damages, including all damages arising from the fraudulent and unauthorized transactions on the Fraudulent PayPal Accounts;

C. Award Plaintiff compensatory damages for injury based on negligent infliction of emotional distress;

D. Award Plaintiff damages for violation of G.B.L. §349 in the amount to be proven at trial;

E. Award plaintiff damages for Defendant's unjust enrichment;

F. Awarding Plaintiff punitive damages;

G. Award Plaintiff reasonable attorneys' fees and costs; and

H. Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and proper.

Dated: Brooklyn, New York
May 15, 2019

BIBICHEFF & ASSOCIATES, P.C.

/s/ *Allison N. Grosz*
By: Allison N. Grosz
718-232-3625
2568 86th Street, Floor 2
Brooklyn, NY 11214
ATTORNEY FOR PLAINTIFF