# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KARINA BIBICHEFF,

                Plaintiff,

      v.

PAYPAL INC.,

                Defendant.

Case No. 17-CV-4679 (DRH) (AYS)

## DEFENDANT PAYPAL, INC.'S MEMORANDUM OF LAW
## <u>IN SUPPORT OF ITS MOTION TO DISMISS</u>

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................. 1

BACKGROUND ............................................................................................... 1

APPLICABLE LEGAL STANDARDS ............................................................ 2

ARGUMENT .................................................................................................... 3

I.  MS. BIBICHEFF FAILS TO PLEAD A VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349 BECAUSE THE AMENDED COMPLAINT DOES NOT ALLEGE CAUSATION. ................................... 3

II.  MS. BIBICHEFF FAILS TO STATE A CLAIM FOR NEGLIGENCE OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS. ........................ 4

    A.  New York Law Precludes A Claim For Negligence When The Asserted Injury Is Economic Loss Rather Than Physical Harm.......................... 5

    B.  Ms. Bibicheff Does Not Plead Negligence Because The Amended Complaint Does Not Allege That PayPal Owed Her A Duty Or That PayPal Breached That Duty. ................................................................. 5

    C.  Ms. Bibicheff Also Fails To State A Claim for Negligent Infliction of Emotional Distress Because She Has Not Plausibly Alleged A Fear To Her Physical Well-Being. ................................................................. 7

III.  MS. BIBICHEFF'S CLAIM FOR BREACH OF AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED. ............................ 8

    A.  Ms. Bibicheff Cannot State A Claim For Breach Of An Implied Covenant Because There Is No Contractual Relationship Between PayPal And Ms. Bibicheff Covering The Fraudulent Accounts And Transactions......................... 9

    B.  Even If An Implied Covenant Existed, Ms. Bibicheff Does Not Plausibly Plead A Breach Of It Because She Does Not Allege That PayPal Arbitrarily Or Irrationally Investigated The Fraudulent Accounts And Transactions. ................................................................. 9

    C.  Even If There Had Been A Breach Of An Implied Covenant, That Breach Would Not Have Proximately Caused Injury To Ms. Bibicheff. ........................ 11

IV.  MS. BIBICHEFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT BECAUSE THE AMENDED COMPLAINT DOES NOT PLAUSIBLY PLEAD THAT MS. BIBICHEFF PAID ANY FEES TO PAYPAL. ............................ 11

V.  MS. BIBICHEFF'S REQUEST FOR A DECLARATORY JUDGMENT SHOULD BE DISMISSED BECAUSE IT DOES NOT RELATE TO AN ACTUAL CONTROVERSY INVOLVING PAYPAL................................. 13

VI.  MS. BIBICHEFF'S REQUEST FOR PUNITIVE DAMAGES SHOULD BE DISMISSED. ................................................................. 14

## TABLE OF CONTENTS
(continued)

**Page**

VII.     THE COURT SHOULD DENY LEAVE TO AMEND.................................................. 14

CONCLUSION................................................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alley Sports Bar, LLC v. SimplexGrinnell, LP*,
  58 F. Supp. 3d 280 (W.D.N.Y. 2014) .......................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...................................................................................................2, 8

*Astor Holdings, Inc. v. Roski*,
  2002 WL 72936 (S.D.N.Y. Jan. 17, 2002) ...............................................................12

*Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.*,
  2003 WL 23018888 (S.D.N.Y. Dec. 22, 2003), *aff'd*, 110 F. App'x 191 (2d
  Cir. 2014) ...............................................................................................................9, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................2, 4

*Cangemi v. United States*,
  939 F. Supp. 2d 188 (E.D.N.Y. 2013) .......................................................................13

*Chichester v. New York State Dep't of Educ.*,
  2017 WL 9485676 (E.D.N.Y. June 15, 2017) ..........................................................15

*Cicchetti v. General Accident Ins. Co. of New York*,
  272 A.D.2d 500 (1st Dep't 2000) ..............................................................................11

*Colo. Capital Investments, Inc. v. Owens*,
  304 F. App'x 906 (2d Cir. 2008) .................................................................................8

*Colo. Capital v. Owens*,
  227 F.R.D. 181 (E.D.N.Y. 2005) .................................................................................5

*Corsello v. Verizon New York, Inc.*,
  18 N.Y.3d 777 (2012) ................................................................................................13

*Cortec Indus. Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991)....................................................................................14, 15

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000)..........................................................................................15

*Dash v. Seagate Tech. (U.S.) Holdings, Inc.*,
  27 F. Supp. 3d 357 (E.D.N.Y. 2014) ...........................................................................3

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Doe v. Nat'l Bd. of Podiatric Med. Exam'rs*,
    2005 WL 352137 (S.D.N.Y. Feb. 15, 2005) ......................................................................10

*Douyon v. N.Y. Med. Health Care, P.C.*,
    894 F. Supp. 2d 245 (E.D.N.Y. 2012) ...........................................................................4

*Eldridge v. Rochester City Sch. Dist.*,
    968 F. Supp. 2d 546 (W.D.N.Y. 2013) .........................................................................14

*Fishoff v. Coty Inc.*,
    634 F.3d 647 (2d Cir. 2011) ..........................................................................................10

*Gale v. IBM Corp.*,
    9 A.D.3d 446 (2d Dep't 2004) .......................................................................................4

*Gilman v. BHC Sec., Inc.*,
    104 F.3d 1418 (2d Cir. 1997) ........................................................................................14

*Greco v. Nat'l Transp. Co.*,
    15 A.D.2d 462 (1st Dep't 1961) ....................................................................................5

*Iacono v. Town Bd. Of Town of East Hampton*,
    2006 WL 8436041 (E.D.N.Y. Sept. 18, 2006) ........................................................14, 15

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*,
    12 N.Y.3d 132 (2009) ...................................................................................................12

*Jacobs v. Mostow*,
    2006 WL 8436107 (E.D.N.Y. Sept. 22, 2006), *aff'd*, 271 F. App'x 85 (2d Cir.
    2008) .............................................................................................................................15

*Kidz Cloz, Inc. v. Officially for Kids, Inc.*,
    320 F. Supp. 2d 164 (S.D.N.Y. 2004) ..........................................................................12

*King v. Crossland Savings Bank*,
    111 F.3d 251 (2d Cir. 1997) ..........................................................................................5

*KM Enters., Inc. v. McDonald*,
    2012 WL 4472010 (E.D.N.Y. Sept. 25, 2012) ..............................................................13

*In re Knox*,
    64 N.Y.2d 434 (1985) ...................................................................................................7

*Labajo v. Best Buy Stores, L.P.*,
    478 F. Supp. 2d 523 (S.D.N.Y. 2007) .......................................................................5, 12

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Ladino v. Bank of America*,
    52 A.D.3d 571 (1st Dep't 2008) ................................................................6

*Mahar v. U.S. Xpress Enterprises, Inc.*,
    688 F. Supp. 2d 95 (N.D.N.Y. 2010) ........................................................14

*Manning v. Boston Med. Ctr. Corp.*,
    725 F.3d 34 (1st Cir. 2013) ........................................................................8

*Md. Cas. Co. v. Pac. Coal & Oil Co.*,
    312 U.S. 270 (1941) ................................................................................14

*Mecca v. Lennon*,
    2018 WL 3202067 (E.D.N.Y. Mar. 27, 2018) ..........................................9

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ................................................................................14

*Mueller v. Michael Janssen Gallery Pte. Ltd.*,
    225 F. Supp. 3d 201 (S.D.N.Y. 2016) ....................................................12

*Nat'l Market Share, Inc. v. Sterling Nat. Bank*,
    392 F.3d 520 (2d Cir. 2004) ....................................................................11

*Newman v. RCN Telecom Servs., Inc.*,
    238 F.R.D. 57 (S.D.N.Y. 2006) ................................................................3

*Nieblas-Love v. New York City Housing Authority*,
    165 F. Supp. 3d 51 (S.D.N.Y. 2016) ....................................................5, 8

*Norwest Mortg., Inc. v. Dime Sav. Bank of New York*,
    280 A.D.2d 653 (2d Dep't 2001) ..............................................................7

*Papasan v. Allain*,
    478 U.S. 265 (1986) ..................................................................................4

*Paul v. Bank of America Corp.*,
    2011 WL 684083 (E.D.N.Y. Feb. 16, 2011) ............................................5

*Perry v. Valley Cottage Animal Hosp.*,
    261 A.D.2d 522 (2d Dep't 1999) ..............................................................8

*Polzer v. TRW, Inc.*,
    256 A.D.2d 248 (1st Dep't 1998) ......................................................3, 6, 7

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Purdy v. Public Adm'r of Westchester Cty.*,
    72 N.Y.2d 1 (1988) ....................................................................................................6

*Rutty v. Krimko*,
    2018 WL 1582290 (E.D.N.Y. Mar. 30, 2018) ..........................................................8

*Savva v. Longo*,
    8 A.D.3d 551 (2d Dep't 2004) ...................................................................................8

*Spinelli v. Nat'l Football League*,
    2018 WL 4309351 (2d Cir. Sept. 11, 2018) .............................................................9

*Toledo Fund, LLC v. HSBC Bank USA, Nat'l Ass'n*,
    2012 WL 2850997 (S.D.N.Y. July 9, 2012) ...........................................................10

*Vill. On Canon v. Bankers Trust Co.*,
    920 F. Supp 520 (S.D.N.Y. 1996) .............................................................................9

*Walia v. Holder*,
    59 F. Supp. 3d 492 (E.D.N.Y. 2014) ....................................................................5, 8

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
    127 F. Supp. 3d 156 (S.D.N.Y. 2015).....................................................................12

*Zam & Zam Super Market, LLC v. Ignite Payments, LLC*,
    2017 WL 6729854 (E.D.N.Y. Oct. 31, 2017), *aff'd*, 736 F. App'x 274 (2d Cir.
    2018) ........................................................................................................................13

**Statutes**

Declaratory Judgment Act, 28 U.S.C. § 2201.................................................................13

New York General Business Law § 349 .......................................................................3, 4

Truth in Lending Act, 15 U.S.C. § 1643................................................................1, 13, 14

**Other Authorities**

Fed. R. Civ. P. 12 ..............................................................................................................2

*PayPal Fees*, https://www.paypal.com/us/webapps/mpp/paypal-fees .........................12

## INTRODUCTION

PayPal is sympathetic to the fact that Ms. Bibicheff was defrauded by her former office manager.  But as Ms. Bibicheff admits in her Amended Complaint, that former employee—to whom Ms. Bibicheff entrusted her personal information, including her information concerning multiple Chase credit cards—was the cause of her losses.  Put simply, PayPal did not cause those losses, and Ms. Bibicheff cannot and does not plausibly plead that PayPal did so.

For similar reasons, this Court previously dismissed virtually all of the claims that Ms. Bibicheff asserted against Chase Bank.  Op. 7-11.[1]  As we explain, the claims against PayPal in the Amended Complaint repeat the same core deficiencies that this Court identified and are otherwise fatally flawed as a matter of law.

## BACKGROUND

Ms. Bibicheff owns and operates a "medical spa salon" in Old Brookville, New York.  Am. Compl. (Dkt. No. 62) ¶ 5.  Ms. Bibicheff alleges that beginning in August 2009 (about a decade ago) her former office manager made unauthorized transactions using a combination of Ms. Bibicheff's name, business name, and social security number.  Am. Compl. ¶¶ 9, 19.  Ms. Bibicheff maintains that "[a]t no time did [she] know of, authorize, or consent to the office manager's creation and operation of" the PayPal accounts at issue.  *Id.* ¶ 21.  She further alleges that these fraudulent PayPal accounts were used in numerous unauthorized transactions totaling $524,385.86.  *Id.* ¶ 11.  Ms. Bibicheff contends that although all of the transactions "on their face, appear to be legitimate and relating to her business," they were actually fraudulent.  *Id.* ¶ 13.

---

[1] "Op." refers to this Court's order (Dkt. No. 39), granting in part and denying in part Chase's motion to dismiss, entered September 26, 2018.  (The Court denied Chase's motion to dismiss claims under the Federal Truth in Lending Act, but Ms. Bibicheff has not pleaded any TILA claims against PayPal, nor could she.)

Ms. Bibicheff did not report any of these unauthorized transactions to PayPal until on or around August 31, 2016.  Am. Compl. ¶ 16.  She alleges that she requested information pertaining to the PayPal accounts and the purportedly fraudulent transactions, and PayPal declined to provide any substantive information about the accounts beyond informing her that the accounts had been closed.  *Id.* ¶¶ 16, 17.  Ms. Bibicheff subsequently filed a police report about the office manager's suspected fraud on September 9, 2016.  *Id.* ¶ 22.  Ms. Bibicheff asserts that she still "lacks knowledge as to what goods and/or services, if any, were actually purchased by the majority of the unauthorized transactions within the Fraudulent PayPal Accounts," but she believes that at least some of the accounts were linked to her former office manager's bank account. *Id.* ¶¶ 23, 27-28.

## APPLICABLE LEGAL STANDARDS

A complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Put another way, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In evaluating a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  As such, any legal conclusions alleged in a complaint "must be supported by factual allegations," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

## ARGUMENT

I.   **MS. BIBICHEFF FAILS TO PLEAD A VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349 BECAUSE THE AMENDED COMPLAINT DOES NOT ALLEGE CAUSATION.**

Ms. Bibicheff alleges that PayPal violated Section 349 of the New York General Business Law through "misrepresentations" about its fraud protection and investigation services available to PayPal's users.  *See* Am. Compl. ¶¶ 14-15, 30-38.  Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in [New York]."  N.Y. Gen. Bus. Law § 349.  The statute creates a private right of action for "any person who has been injured by reason of any violation of this section."  *Id.*  To state a claim under Section 349, a plaintiff "must adequately allege three elements: (1) the challenged act or practice was consumer-oriented; (2) the act or practice was misleading in a material way; and (3) the plaintiff suffered injury ***as result of*** the deceptive act." *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014) (internal quotation marks omitted) (emphasis added).  "The causation element is essential:  the plaintiff . . . must show the defendant's material deceptive act caused the injury."  *Newman v. RCN Telecom Servs., Inc.*, 238 F.R.D. 57, 74 (S.D.N.Y. 2006) (internal quotation marks omitted); *accord Polzer v. TRW, Inc.*, 256 A.D.2d 248, 249 (1st Dep't 1998).

The complaint makes clear that Ms. Bibicheff has not pleaded causation—nor could she. Typically, a plaintiff who asserts a violation of Section 349 based on alleged misrepresentations must connect those statements to her claimed injury by "stat[ing] in [her] complaint that [s]he has seen the misleading statements of which [s]he complains ***before*** [s]he came into possession of the products [s]he purchased."  *Dash*, 27 F. Supp. 3d at 361 (citation omitted) (emphasis added).  But here Ms. Bibicheff did not "purchase[]" products or services from PayPal; instead, she insists that each of the accounts in question was "fraudulently created . . . without her knowledge or

3

approval."  Am. Compl. ¶¶ 9, 19-21.  Ms. Bibicheff also alleges that three of the seven purported misrepresentations appeared on PayPal's website when she reported the fraudulent accounts in August 2016.  *Id.* ¶ 14.  But those alleged misrepresentations could not have caused her claimed injuries; even if she saw them at the time she made the report—something she does not allege— those statements would have no bearing on her injuries because they had ***already*** been caused by her former office manager's fraudulent actions.  As a matter of common sense, since Ms. Bibicheff did not see the allegedly misleading statements, "[s]he could not have been injured by them." *Douyon v. N.Y. Med. Health Care, P.C.*, 894 F. Supp. 2d 245, 263 (E.D.N.Y. 2012); *accord Gale v. IBM Corp.*, 9 A.D.3d 446, 447 (2d Dep't 2004).

Ms. Bibicheff might argue that she alleges that she suffered damages "[a]s a direct and proximate result of PayPal's deceptive acts and/or practices" (Am. Compl. ¶ 38), but that allegation is plainly insufficient:  It is a bare "legal conclusion couched as a factual allegation," and therefore cannot survive a motion to dismiss.  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Accordingly, Ms. Bibicheff's Section 349 claim should be dismissed for failure to state a claim.

## II.  MS. BIBICHEFF FAILS TO STATE A CLAIM FOR NEGLIGENCE OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

Ms. Bibicheff alleges that PayPal "negligently failed to monitor, validate, discover, flag, investigate, and notify [her]" of the fraudulent PayPal accounts and transactions, and also that these alleged failures amount to negligent infliction of emotional distress.  Am. Compl. ¶¶ 39-41, 51-57.  As we discuss below, these claims fail for multiple reasons.

**A.**   **New York Law Precludes A Claim For Negligence When The Asserted Injury Is Economic Loss Rather Than Physical Harm.**

First, under New York law, a claim of negligence can only be made when the actions of the defendant have caused physical harm to the plaintiff or her property.  "[A]ctionable negligence requires injury to the person or property as the proximate result of the allegedly negligent act." *Greco v. Nat'l Transp. Co.*, 15 A.D.2d 462, 462 (1st Dep't 1961).

Here, Ms. Bibicheff's theory of damages is purely economic—her office manager's fraudulent charges totaling $524,385.86.  As this Court has previously explained, "[t]here is a longstanding New York rule, however, that economic loss is not recoverable under a theory of negligence."  Op. 8 (quoting *Labajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 532 (S.D.N.Y. 2007)).  Because Ms. Bibicheff still "has only alleged economic loss, not personal injury or property damage" (*id.*), the Court should dismiss Ms. Bibicheff's negligence claim.

**B.**   **Ms. Bibicheff Does Not Plead Negligence Because The Amended Complaint Does Not Allege That PayPal Owed Her A Duty Or That PayPal Breached That Duty.**

Ms. Bibicheff's claims for negligence and negligent infliction of emotional distress fail for an independent reason:  she has failed to plead that the defendant owed her a duty of care or that any such duty had been breached.  It is black-letter law that, "[t]o sustain a claim for negligence, a plaintiff must show that the defendant owed the plaintiff a cognizable duty of care" and that there was a breach of that duty.  *King v. Crossland Savings Bank*, 111 F.3d 251, 259 (2d Cir. 1997); *see also Paul v. Bank of Am. Corp.*, 2011 WL 684083, at *3 (E.D.N.Y. Feb. 16, 2011) (citing *Colo. Capital v. Owens*, 227 F.R.D. 181, 187 (E.D.N.Y. 2005)).  Similarly, one of the elements of negligent infliction of emotional distress is "breach of a duty owed to the plaintiff." *Nieblas-Love v. New York City Housing Auth.*, 165 F. Supp. 3d 51, 77 (S.D.N.Y. 2016) (quoting *Walia v. Holder*, 59 F. Supp. 3d 492, 512 (E.D.N.Y. 2014)).

Ms. Bibicheff fails to allege that PayPal owed her any duty, let alone that PayPal breached such a duty. "In the ordinary circumstance, common law in the state of New York does not impose a duty to control the conduct of third persons to prevent them from causing injury to others." *Purdy v. Pub. Adm'r of Westchester Cty.*, 72 N.Y.2d 1, 8, 7 (1988). An exception exists "where there is a special relationship between [the] defendant and a third person whose actions expose plaintiff to harm . . . ; or a relationship between the defendant and the plaintiff requiring defendant to protect the plaintiff from the conduct of others." *Id.* But courts in New York have rejected negligence claims under circumstances similar to those here because no such special relationship existed in those cases. For example, in *Polzer v. TRW, Inc.*, the Appellate Division affirmed the dismissal of a negligence claim against two credit card issuers for failing to detect that an imposter had opened credit cards in the plaintiffs' names because the credit card issuers "***had no special relationship*** either with the imposter . . . or with plaintiffs, with whom they stood simply in a creditor/debtor relationship." 256 A.D.2d at 248 (emphasis added). And, citing *Polzer*, the Appellate Division reversed a trial court's order denying summary judgment to a defendant bank, holding that the trial court "should have . . . dismissed" the plaintiff's claim for negligence "on the theory that [the bank] negligently issued a loan to an imposter," because "the plaintiff alleges no ***special relationship*** with [the bank] which would have given rise to a duty to exercise vigilance in verifying the identity of the unknown person who allegedly obtained a loan in the plaintiff's name." *Ladino v. Bank of Am.*, 52 A.D.3d 571, 574-575 (1st Dep't 2008) (emphasis added). The same is true here; PayPal had no special relationship with either Ms. Bibicheff or her former office manager[2] that created a legally cognizable duty.

---

[2] Even if Ms. Bibicheff's former employee had entered into a contract with PayPal in the course of making the fraudulent transactions, the existence of a contract would not generate the "special relationship" required to impose a duty on PayPal. The Appellate Division made clear in *Polzer*

Moreover, if PayPal owed Ms. Bibicheff a duty, the Amended Complaint does not plausibly allege that PayPal knew or should have known that someone had misappropriated Ms. Bibicheff's personal information.  To the contrary, Ms. Bibicheff admits that "[t]he fraudulent PayPal transactions listed in Ms. Bibicheff's credit cards' statements, on their face, appear to be legitimate and relating to her business."  Am. Compl. ¶ 13.  She does not allege any facts that would indicate that PayPal should have questioned the validity of the transactions before she made her report in late August 2016. *Cf. In re Knox*, 64 N.Y.2d 434, 438 (1985) (noting that "[a] bank is not in the normal course required to conduct an investigation to protect funds from possible misappropriation" where there are no facts "indicating misappropriation"); *Norwest Mortg., Inc. v. Dime Sav. Bank of New York*, 280 A.D.2d 653, 654 (2d Dep't 2001) (dismissing negligence claim against a bank where the complaint did not allege "[f]acts sufficient to cause a reasonably prudent person to suspect" that funds were being misappropriated).  Here, there was no reason to suspect that unauthorized transactions had occurred prior to when Ms. Bibicheff made her report in late August 2016, and Ms. Bibicheff does not allege that any fraudulent transaction took place after she made that report.

Because Ms. Bibicheff has not alleged that PayPal owed her any duty at all—and even if there was a duty, there was no breach of that duty—her claims for negligence and negligent infliction of emotional distress must be dismissed.

### C.     Ms. Bibicheff Also Fails To State A Claim for Negligent Infliction of Emotional Distress Because She Has Not Plausibly Alleged A Fear To Her Physical Well-Being.

Ms. Bibicheff's claim for negligent infliction of emotional distress fails for an additional reason: she has not alleged any facts that would demonstrate that PayPal's actions "either

---

that, as a matter, of New York law, PayPal has "no special relationship . . . with the imposter who stole" and misused Ms. Bibicheff's information. *Polzer*, 256 A.D.2d at 248.

unreasonably endangered [her] physical safety or caused [her] to fear for [her] physical safety." *Nieblas-Love*, 165 F. Supp. 3d at 77 (S.D.N.Y. 2016) (quoting *Walia*, 59 F. Supp. 3d at 512).

An emotional distress claim "must generally be premised upon conduct that unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety." *Savva v. Longo*, 8 A.D.3d 551, 552 (2d Dep't 2004) (quoting *Perry v. Valley Cottage Animal Hosp.*, 261 A.D.2d 522, 522-523 (2d Dep't 1999)); *see also Colo. Capital Inv., Inc. v. Owens*, 304 F. App'x 906, 908 (2d Cir. 2008)). Ms. Bibicheff never suggests that her physical safety was endangered at any time, much less unreasonably so. Nor does she identify any particular conduct by PayPal that plausibly would have caused her to fear for her own safety.

To be sure, Ms. Bibicheff alleges that PayPal "caused her . . . fear of her own physical well-being" (Am. Compl. ¶ 56), but that allegation does nothing more than identify the governing legal standard. But "conclusory allegations that merely parrot the relevant legal standard are disregarded, as they are not entitled to the presumption of truth." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013). That is because "[a] plaintiff must plead facts to support his claims[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Rutty v. Krimko*, 2018 WL 1582290, at * 2 (E.D.N.Y. Mar. 30, 2018) (quoting *Iqbal*, 556 U.S. at 678).

Accordingly, the claim for negligent infliction of emotional distress should be dismissed.

## III.   MS. BIBICHEFF'S CLAIM FOR BREACH OF AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED.

Ms. Bibicheff also contends that PayPal breached an implied covenant of good faith and fair dealing by failing to adequately investigate or provide information on the allegedly fraudulent transactions. Am. Compl. ¶¶ 60-66. This claim fails for three independent reasons.

**A.    Ms. Bibicheff Cannot State A Claim For Breach Of An Implied Covenant Because There Is No Contractual Relationship Between PayPal And Ms. Bibicheff Covering The Fraudulent Accounts And Transactions.**

Ms. Bibicheff's implied-covenant claim fails from the start because no such covenant between PayPal and her exists here.  Under New York law, the covenant of good faith and fair dealing is implicit in every contract.  Op. 9 (citing *Spinelli v. Nat'l Football League*, 2018 WL 4309351, at *13 (2d Cir. Sept. 11, 2018)).  It necessarily follows that when there is no contract, there can be no implied covenant.  *Mecca v. Lennon*, 2018 WL 3202067, at *2 (E.D.N.Y. Mar. 27, 2018); *see also Banco Espirito Santo de Investimento, S.A. v. Citibank, N.A.*, 2003 WL 23018888, at *5 (S.D.N.Y. Dec. 22, 2003), *aff'd*, 110 F. App'x 191 (2d Cir. 2014).  Although the Amended Complaint refers to PayPal's standard User Agreement (Am. Compl. ¶ 61), it does not allege that Ms. Bibicheff and PayPal together entered into the User Agreement (or any other contract) that would govern the fraudulent transactions and accounts.   The lack of such allegations is unsurprising, since Ms. Bibicheff repeatedly asserts that she never knew about or authorized the creation of those accounts.  *Id.* ¶¶ 20-21.  In short, "there was no contract between [the parties] so there was no implied covenant for [PayPal] to have breached."  *Vill. On Canon v. Bankers Tr. Co.*, 920 F. Supp 520, 534 (S.D.N.Y. 1996).

**B.    Even If An Implied Covenant Existed, Ms. Bibicheff Does Not Plausibly Plead A Breach Of It Because She Does Not Allege That PayPal Arbitrarily Or Irrationally Investigated The Fraudulent Accounts And Transactions.**

Even if the Amended Complaint had alleged a contractual relationship between Ms. Bibicheff and PayPal covering the fraudulent accounts and transactions, the Amended Complaint still does not plausibly plead a claim for relief.  This Court has already recognized that investigating fraudulent charges is a discretionary task.  Op. 10.  And "[w]here [a] contract contemplates the exercise of discretion," there is no breach of the implied covenant unless a party acts "arbitrarily or irrationally in exercising that discretion."  *Spinelli*, 903 F.3d at 205 (quoting

9

*Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011)).  An action is arbitrary where it is "without sound basis in reason and []generally taken without regard to the facts."  *Toledo Fund, LLC v. HSBC Bank USA, Nat'l Ass'n*, 2012 WL 2850997, at *6 (S.D.N.Y. July 9, 2012) (quoting *Doe v. Nat'l Bd. of Podiatric Med. Exam'rs*, 2005 WL 352137, at *10 (S.D.N.Y. Feb. 15, 2005)).

The allegations asserted in the Amended Complaint do not meet this standard.  Ms. Bibicheff alleges that in 2016—*seven years* into the purported fraud—she "filed a complaint with PayPal regarding the unauthorized transactions and requested information pertaining to any and all of her PayPal Account(s) at that time and the transactions made therein."  Am. Compl. ¶ 16.  Ms. Bibicheff then asserts that PayPal "failed to refund the transactions" and "refused to provide any substantive information related to the nature of the transactions and/or the merchants associated with the transactions." *Id.* ¶¶ 17, 63.

This Court previously concluded that, in assessing the investigation undertaken by Chase (the company with whom Ms. Bibicheff *did* have a contractual relationship), its "actions do not rise to the level of being arbitrary or irrational," even if it might have been be "frustrating" to Ms. Bibicheff. Op. 10-11.  Similarly, nothing that PayPal did was arbitrary or irrational—especially under the circumstances.  After all, Ms. Bibicheff alleges that the fraudulent transactions "on their face, appear[ed] to be legitimate and relating to her business."  Am. Compl. ¶ 13.  And Ms. Bibicheff only filed a police report regarding the alleged fraud *after* she filed her complaint with PayPal.  *Id.* ¶¶ 16, 22.

Ms. Bibicheff's central contentions in support of her implied-covenant claim appear to rest on promises that she alleges were made to her in PayPal's User Agreement.  *See* Am. Compl. 61-65.  But for the reasons previously stated, such allegations make little sense because Ms. Bibicheff **was not a party** to the User Agreement with respect to the accounts that she alleges were

10

fraudulently opened by her former office manager.  In short, Ms. Bibicheff cannot plausibly contend that PayPal acted arbitrarily or irrationally by pointing to a supposed failure to comply with contractual responsibilities that were not actually owed to her.

   **C.    Even If There Had Been A Breach Of An Implied Covenant, That Breach Would Not Have Proximately Caused Injury To Ms. Bibicheff.**

   In addition, Ms. Bibicheff fails to allege how any breach of the covenant of good faith and fair dealing directly and proximately caused her damages.  Under New York law, "breach of the implied duty of good faith and fair dealing" is treated as "a breach of the underlying contract," and because "[c]ausation is an essential element of damages in a breach of contract action[,] . . . a plaintiff must prove that a defendant's breach *directly and proximately caused* his or her damages." *Nat'l Market Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520, 525 (2d Cir. 2004); *accord Cicchetti v. General Accident Ins. Co. of New York*, 272 A.D.2d 500, 500 (1st Dep't 2000).  Here, PayPal's actions did not cause Ms. Bibicheff's injuries; instead, for the reasons discussed above, the direct and proximate cause of those injuries was the fraud perpetrated by Ms. Bibicheff's former office manager.

**IV.    MS. BIBICHEFF CANNOT STATE A CLAIM FOR UNJUST ENRICHMENT BECAUSE THE AMENDED COMPLAINT DOES NOT PLAUSIBLY PLEAD THAT MS. BIBICHEFF PAID ANY FEES TO PAYPAL.**

   Ms. Bibicheff also alleges that PayPal was unjustly enriched by the "creation and use" of the purportedly fraudulent accounts because PayPal "received a monetary sum and transaction fee on each unauthorized transaction that passed through" the fraudulent accounts and refused to remit those fees to Ms. Bibicheff when she reported the alleged fraud.  Am. Compl. ¶¶ 46-50.  This claim fails because the merchant fees at issue are applicable only to sellers, not purchasers, and thus were never paid from Ms. Bibicheff's funds.

In order to state a claim for unjust enrichment, Ms. Bibicheff "must allege that (1) defendant was enriched; (2) the enrichment was *at plaintiff's expense*; and (3) the circumstances were such that equity and good conscience require defendants to make restitution." *Labajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 531 (S.D.N.Y. 2007) (quoting *Kidz Cloz, Inc. v. Officially for Kids, Inc.*, 320 F. Supp. 2d 164, 177 (S.D.N.Y. 2004)) (emphasis added). "[T]he New York Court of Appeals has held that a plaintiff cannot recover under an unjust enrichment theory where the *plaintiff did not pay the fees* in question." *Mueller v. Michael Janssen Gallery Pte. Ltd.*, 225 F. Supp. 3d 201, 209 (S.D.N.Y. 2016) (citing *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132 (2009) (emphasis added)); *see also Banco Espirito*, 2003 WL 23018888, at *17-18 (no unjust enrichment where fees were paid by a third party).

The Amended Complaint does not plausibly plead that Ms. Bibicheff paid fees related to merchant transactions. The complaint does allege that PayPal collects "a fee of 2.9% . . . per merchant transaction, in addition to $0.30 . . . per sale." *Id.* ¶ 29. But the fees Ms. Bibicheff describes are *merchant* fees, meaning that they are paid by the seller rather than the buyer in a transaction. PayPal's terms are clear: "Buying is free within the US" but "Selling is 2.9% + $0.30 per sale."[3] Ms. Bibicheff does not allege that the fraudulent PayPal accounts were used to *sell* any goods; to the extent that the fraudulent accounts were used to *purchase* goods (fraudulent or otherwise), any PayPal fees would have been paid by the merchant's accounts—not Ms. Bibicheff.[4] In short, because Ms. Bibicheff doesn't allege that she paid the fees, her claim for unjust enrichment should be dismissed.

---

[3] *See PayPal Fees*, https://www.paypal.com/us/webapps/mpp/paypal-fees. Courts may take judicial notice of information publicly announced on a party's website. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015).

[4] Ms. Bibicheff's unjust enrichment claim also fails because it is premised on the same facts "alleged to constitute specific torts charged elsewhere in the complaint." *Astor Holdings, Inc. v.*

## V.   MS. BIBICHEFF'S REQUEST FOR A DECLARATORY JUDGMENT SHOULD BE DISMISSED BECAUSE IT DOES NOT RELATE TO AN ACTUAL CONTROVERSY INVOLVING PAYPAL.

In addition to the claims discussed above, Ms. Bibicheff asks this Court to "declare[] that [she] is not liable for any and all unauthorized charges in excess of $50.00 for transactions on [her] fraudulently used credit cards."   Am. Compl. ¶ 59.   This request first appeared in the initial complaint as part of Ms. Bibicheff's Truth in Lending Act ("TILA") claim against Chase.   *See* Compl. ¶¶ 45-46.   The TILA limits a cardholder's liability for an "unauthorized use" of a credit card to $50 under certain circumstances.   *See* 15 U.S.C. § 1643(a).   Ms. Bibicheff's request for declaratory judgment fails because there is no actual controversy between Ms. Bibicheff and PayPal on this issue.

The Declaratory Judgment Act provides, in part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."   28 U.S.C. § 2201.   But the Declaratory Judgment Act "provides a remedy, not a cause of action."   *Zam & Zam Super Market, LLC v. Ignite Payments, LLC*, 2017 WL 6729854, at *11 (E.D.N.Y. Oct. 31, 2017), *aff'd*, 736 F. App'x 274 (2d Cir. 2018) (quoting *KM Enters., Inc. v. McDonald*, 2012 WL 4472010, at *19 (E.D.N.Y. Sept. 25, 2012)).   "Thus, Plaintiffs must properly plead an underlying cause of action in order to seek such relief."   *Cangemi v. United States*, 939 F. Supp. 2d 188, 196 (E.D.N.Y. 2013).   Because

---

*Roski*, 2002 WL 72936, at *18 (S.D.N.Y. Jan. 17, 2002).   Indeed, Ms. Bibicheff's letter-response to PayPal's pre-motion letter concedes that "[a]lthough the Amended Complaint in this action is divided into seven subdivisions . . . [it] 'contains but one claim.'"   Dkt. No. 66 at 1.   If Ms. Bibicheff were to prevail on her other claims, "the unjust enrichment claim [would be] duplicative."   *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 791 (2012).   And to the extent that her other claims are deficient, "an unjust enrichment claim cannot remedy the defects."   *Id.* Either way, the unjust enrichment claim should be dismissed.

the Amended Complaint does not assert TILA claims against PayPal, Ms. Bibicheff has not pleaded an underlying cause of action that would entitle her to the declaratory relief she seeks.

Moreover, a court may only enter a declaratory judgment where there is "a substantial controversy, ***between parties having adverse legal interests***, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)) (emphasis added). In this case, there is no actual controversy between the parties under TILA because that statute deals with Ms. Bibicheff's potential liability to her ***credit card issuers*** like Chase—not to PayPal. Accordingly, Ms. Bibicheff's request for declaratory judgment should be dismissed.

## VI.   MS. BIBICHEFF'S REQUEST FOR PUNITIVE DAMAGES SHOULD BE DISMISSED.

Ms. Bibicheff asserts a claim for punitive damages, but "[p]unitive damages are a remedy and not a separate cause of action." *Alley Sports Bar, LLC v. SimplexGrinnell, LP*, 58 F. Supp. 3d 280, 295 (W.D.N.Y. 2014) (quoting *Eldridge v. Rochester City Sch. Dist.*, 968 F. Supp. 2d 546, 563 (W.D.N.Y. 2013)); *see also Mahar v. U.S. Xpress Enterprises, Inc.*, 688 F. Supp. 2d 95, 1111 (N.D.N.Y. 2010). Thus, to the extent that Ms. Bibicheff asserts a claim for punitive damages "as a separate cause of action," such a claim must be dismissed. *Alley Sports Bar*, 58 F. Supp. 2d at 295. And because Ms. Bibicheff's other claims should be dismissed, her request for punitive damages also fails. *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1431 (2d Cir. 1997).

## VII.   THE COURT SHOULD DENY LEAVE TO AMEND.

Ms. Bibicheff might argue that "[w]hen a complaint is dismissed on a 12(b)(6) motion, it is 'the usual practice' to allow leave to replead." *Iacono v. Town Bd. Of Town of E. Hampton*, 2006 WL 8436041, at *8 (E.D.N.Y. Sept. 18, 2006) (quoting *Cortec Indus. Inc. v. Sum Holding*

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)).  But the Second Circuit has recognized that leave to amend is unnecessary when "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see also Cortec Indus. Inc.*, 949 F.2d at 48 ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").

Accordingly, judges in this District have not hesitated to dismiss claims with prejudice when the plaintiff "is unable to allege any fact sufficient to support its claim or when amendment would not serve any purpose."  *Iacono*, 2006 WL 8436041, at *8 (E.D.N.Y. Sept. 18, 2006) (quotation marks omitted); *accord Chichester v. New York State Dep't of Educ.*, 2017 WL 9485676, at *8 (E.D.N.Y. June 15, 2017); *Jacobs v. Mostow*, 2006 WL 8436107, at *8 (E.D.N.Y. Sept. 22, 2006), *aff'd*, 271 F. App'x 85 (2d Cir. 2008).

In this case, allowing Ms. Bibicheff to file a second amended complaint would serve no purpose.  It is simply not possible for Ms. Bibicheff to plead any additional facts that would allow her to state a claim against PayPal under New York law; for the reasons explained above, New York law forecloses any statutory or tort-law claim against PayPal.  Permitting amendment under these circumstances would only waste the resources of this Court and the parties.

## <u>CONCLUSION</u>

For the foregoing reasons, PayPal respectfully requests that the Court dismiss all claims asserted against PayPal in the Amended Complaint.  Because all of Ms. Bibicheff's claims are foreclosed as a matter of law, any further amendment of the pleadings would be futile, and accordingly the complaint should be dismissed with prejudice.

Dated: July 24, 2019

Respectfully Submitted,

By: */s/ Archis A. Parasharami*

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3328
aparasharami@mayerbrown.com

Ilana D. Cohen
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2677
icohen@mayerbrown.com

*Counsel for PayPal Inc.*

16