UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KARINA BIBICHEFF,

                       Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                          2:17-cv-4679 (DRH)(AYS)

     - against -

PAYPAL, INC.,

                       Defendant.
----------------------------------------------------------X

**APPEARANCES**

**For Plaintiff:**

Daniel J. Reiter, Esq.
30 Wall Street, 8th Floor (Suite 820)
New York, NY 10005
By:    Daniel J. Reiter, Esq.

**For Defendant:**

Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
By:    Archis A. Parasharami, Esq.

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
By:    Ilana D. Cohen, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

      Plaintiff Karina Bibicheff ("Plaintiff") brought this action against Defendants Chase Bank USA, N.A. ("Chase") and PayPal, Inc. ("PayPal"), asserting violations of the Truth in Lending Act ("TILA"), negligence, breach of the implied covenant of good faith and fair dealing, and failure to protect her from unauthorized transactions pursuant to New York General

Business Law § 349. Defendant Chase was subsequently dismissed from this action. Plaintiff amended her complaint against remaining defendant PayPal, asserting a violation of the New York General Business Law § 349, breach of the implied covenant of good faith and fair dealing, negligence, negligent infliction of emotional distress, and unjust enrichment. Presently before the Court is PayPal's motion to dismiss pursuant to Fed. R. Civ. P ("Rule") 12(b)(6) for failure to state a claim. For the reasons discussed below, PayPal's motion to dismiss is granted.

## BACKGROUND

The following relevant facts come from the Amended Complaint ("Am. Compl.") and are assumed true for purposes of this motion.

This dispute arises out of allegedly fraudulent charges made with Plaintiff's credit cards through PayPal. Plaintiff owns and operates a "medical spa" in Old Brookville, New York. (Am. Compl. [DE 62] ¶ 5.) Plaintiff held eighteen credit cards, a combination of Visa, Master Card, and American Express cards, issued by various banks, including former defendant Chase. (*Id*. ¶¶ 7-8.) These credit cards were used for allegedly unauthorized transactions through twelve PayPal accounts "that the identity thief fraudulently created in Plaintiff's name and/or business name and/or social security number, without her knowledge or approval ('Fraudulent PayPal Accounts')." (*Id*. ¶ 9.) The checking account linked to two "currently known Fraudulent PayPal Accounts" does not belong to Plaintiff, and Plaintiff suspects that the checking account belongs to "the identity thief." (*Id*. ¶¶ 26-28.) "Upon information and belief, the unauthorized transactions through all Fraudulent PayPal Accounts were paid from those Fraudulent PayPal Accounts into the linked checking account." (*Id*. ¶ 27.)

The unauthorized transactions through the Fraudulent PayPal Accounts occurred over a seven-year period from approximately August 12, 2009 through August 23, 2016 and totaled

$524,385.86. (*Id.* ¶ 11.) Though the fraudulent PayPal transactions listed on Plaintiff's credit card statements appeared "legitimate and relating to her business," the transactions were fraudulent and unauthorized. (*Id.* ¶ 13.) Neither Plaintiff nor her business received any benefit for these transactions. (*Id.*)

Plaintiff suspects that her former office manager created the Fraudulent PayPal accounts and "initiated the unauthorized fraudulent transactions using [Plaintiff's] credit cards" without her knowledge, authority, or consent. (*Id.* ¶¶ 19-21.) On September 9, 2016, Plaintiff filed a police report "expressing her belief that her former office manager is responsible for the unauthorized transactions." (*Id.* ¶ 22.) The police investigation is ongoing. (*Id.*)

On or about August 31, 2016, Plaintiff filed a complaint with PayPal regarding the unauthorized transactions and requested information pertaining to her PayPal Accounts. (*Id.* ¶ 16.) PayPal did not refund the transactions made through the Fraudulent PayPal Accounts and did not provide any "substantive information related to the nature of the transactions and/or the merchants associated with the transactions" at the time. (*Id.* ¶ 17.)

Plaintiff did not become aware of the "full extent of – nor the fraudulent nature" of the transactions until March 2019 when PayPal provided Plaintiff a list of accounts bearing her name, business name, or social security number and the total amount of transactions for each account. (*Id.* ¶ 18.) PayPal has not provided information about the specific transactions, such as the goods or services rendered, or which credit card was used for which transaction. (*Id.* ¶ 24.) PayPal, "citing that the Fraudulent PayPal Accounts having already been closed…insists that the company is not authorized to give [Plaintiff] this information." (*Id.* ¶ 25.) Plaintiff "lacks knowledge as to what goods and/or services, if any, were actually purchased by the majority of the unauthorized transactions." (*Id.* ¶ 23.) Plaintiff alleges, upon information and belief, that

PayPal allows its users to title transactions as they wish. (*Id*. ¶ 13.) As a result, a PayPal account user is not required to accurately title the goods and/or services remitted in a transaction. (*Id*.)

PayPal makes certain representations on its website relevant to the conduct Plaintiff complains of. These representations, which appeared on PayPal's website at the time Plaintiff reported the allegedly fraudulent activity to PayPal, are:

- "Remember, you're 100% protected against unauthorized transactions sent from your account;"
- "Once your claim has been filed, we'll investigate and do our best to resolve the issue. Any transaction found to be in error or unauthorized will be refunded;"
- "If you report an unauthorized transaction problem within 60 days from the transaction date, we'll investigate right away. You aren't liable for unauthorized purchases made from your account."

(*Id*. ¶ 14.)

PayPal also "maintains the following representations on its website:"

- "Every transaction is monitored and analyzed within milliseconds to identify and help prevent fraud before it occurs."
- "Every transaction is heavily guarded behind our advanced encryption. We monitor transactions 24/7 to help prevent fraud and identity theft."
- "We provide the expertise and tools to guide you through the process of resolving a chargeback, be it related to an unauthorized transaction or an item not received."
- "$0 liability…If you're charged for something you didn't purchase, tell us. We'll secure your account and investigate."

(collectively, the "PayPal Representations") (*Id*. ¶ 15.)

"On information and belief, PayPal takes a fee of 2.9%...per merchant transaction, in addition to $0.30…per sale."  (*Id*. ¶ 29.)

## DISCUSSION

I. *The Parties' Arguments*

Plaintiff brings seven causes of action against PayPal: (1) violation of New York General Business Law § 349; (2) negligent failure to discover and notify Plaintiff of the suspicious accounts and transactions made with her information; (3) unjust enrichment to PayPal for benefitting from the Fraudulent PayPal Accounts; (4) negligent infliction of emotional distress for failure to discover and notify Plaintiff of the suspicious accounts and transactions made with her information; (5) declaratory judgment that Plaintiff is not liable for any and all unauthorized charges in excess of $50; (6) breach of implied covenant of good faith and fair dealing for failure to discover and notify Plaintiff of the suspicious accounts and transactions made with her information, despite representations in PayPal's User Agreement; and (7) punitive damages for PayPal's complicity in the creation and unauthorized use of Plaintiff's Fraudulent PayPal Accounts.  (Am. Compl. ¶¶ 30–69.)

PayPal argues in its papers that Plaintiff's claims fail because she has not pled causation for the New York General Business Law claim; she has not pled that PayPal owed her a duty and that the economic loss doctrine bar her negligence claims; she has not shown a contractual relationship with PayPal; and that she has not pled that she paid any fees to PayPal. (Def.'s Mem. in Supp. [DE 72].)

*II.     Legal Standard*

In deciding a motion to dismiss under Rule 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir.

2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

III.    New York General Business Law § 349 Claim

    a.    *New York General Business Law § 349*

New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in New York. N.Y. Gen. Bus. Law § 349(a). The statute creates a private right of action for anyone injured from a violation of the section. *Id.* § 349(h).

To state a claim under Section 349, "Plaintiff must adequately allege three elements: (1) the challenged act or practice was consumer-oriented; (2) the act or practice was misleading in a material way; and (3) the plaintiff suffered injury as a result of the deceptive act." *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014) (quoting *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000)) (internal quotation marks omitted).

    b.    *The Motion to Dismiss Plaintiff's GBL Claim is Granted*

Plaintiff contends that the PayPal Representations are deceptive. (Pl.'s Mem. in Opp. [ECF No. 73] at 11.) Defendant argues that Plaintiff's claim fails because she has not pled causation, and that she cannot since she did not purchase any products or services from PayPal. (Def.'s Mem. in Supp. at 3.) Furthermore, Defendant argues that PayPal's purported misrepresentations could not have caused her injuries, which had "already been caused by her former office manager's" actions at the time she saw the representations on PayPal's website.

(*Id*. at 4.) Plaintiff, citing *Stutman*, counters that reliance is distinct from causation, and that she does not need to allege reliance for her claim to survive. (Pl.'s Mem. in Opp. at 13-14.)

The Court agrees with Defendant that Plaintiff has not shown causation. As Defendant points out, "[i]f the plaintiff did not see any of these statements, they could not have been the cause of [her] injury, there being no connection between the deceptive act and the plaintiff's injury." *Gale v. Int'l Bus. Machs. Corp.*, 9 A.D.3d 446, 447 (2d Dep't 2004). Here, Plaintiff did not see the PayPal Representations until after the fraudulent activity and resulting harm had occurred. Thus, Plaintiff has failed to state a claim under GBL 349 and Defendant's motion to dismiss on that basis is granted.

IV. Negligence Claim

    a. Negligence

"To sustain a cause of action for negligence under New York law, a plaintiff must prove that (1) defendant owed plaintiff a duty of care; (2) defendant breached this duty; (3) plaintiff suffered an injury; and (4) defendant's breach was the direct and proximate cause of the injury." *Paul v. Bank of America Corp.*, 2011 WL 684083, at *3 (E.D.N.Y. Feb. 16, 2011) (citing *Colorado Capital v. Owens*, 227 F.R.D. 181, 187 (E.D.N.Y. 2005)). "There is a longstanding New York rule, however, that economic loss is not recoverable under a theory of negligence." *Labajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 532 (S.D.N.Y. 2007) (citing *Dooner v. Keefe, Bruyette & Woods, Inc.*, 157 F. Supp. 2d 265, 285 (S.D.N.Y. 2001)). Thus, if a plaintiff does not allege "personal injury or property damage" and her allegations are "purely limited to economic loss . . . her remedies are limited and she may not sue in negligence." *Id.*

b. The Motion to Dismiss Plaintiff's Negligence Claim is Granted

Defendant argues that Plaintiff's negligence claim should be dismissed because she has only alleged economic loss, which is not recoverable under a theory of negligence. (Def.'s Mem. in Supp. at 5.) Plaintiff argues that there is an exception to the economic loss doctrine that allows "a cause of action in negligence, a tort, to be brought for economic loss where the said cause is not contractually based." (Pl.'s Mem. in Opp. at 15.) The case law that Plaintiff cites to provides an exception to the economic loss doctrine where a "special relationship" exists that "requires the defendant to protect against the risk of harm to plaintiff." *See Cornelia Fifth Ave., LLC v. Canizales*, 2017 WL 1034644, at *2-3 (S.D.N.Y. 2017) (citing *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 96 N.Y.2d 280, 289 (2001)).

Defendant also argues that Plaintiff's claim fails because she has not alleged that PayPal owed her a duty, let alone that it breached that duty. (Def.'s Mem. in Supp. at 5.) Defendant acknowledges that the case law recognizes an exception in tort law to the general rule that no duty is imposed "to control the conduct of third persons to prevent them from causing injury to others," which is the situation here. *Purdy v. Pub. Adm'r of Westchester Cty.*, 72 N.Y.2d 1, 8 (1988.) This exception, as with the exception to the economic loss doctrine, exists where there is a special relationship, either between the defendant and the plaintiff or the defendant and the third person whose actions expose plaintiff to harm. *Id.* Thus, the central question at this juncture is whether Plaintiff has pled a special relationship, either in the context of the economic loss doctrine or the negligence duty analysis, such that PayPal owed Plaintiff a duty. The answer to that question is no.

As a preliminary matter, there is no dispute that Plaintiff has not pled that PayPal owed her a duty. Plaintiff's counsel admits as much: "The undersigned respectfully submits that he

can find no precedent on the subject of whether a company that offers the same or similar services of PayPal owes such a duty pursuant to New York law." (Pl.'s Mem. in Opp. at 16.) Instead, Plaintiff argues in its opposition brief that it is "cognizable" that this Court could recognize such a duty. In an effort to prove her point, Plaintiff cites to cases that are inapplicable to the present situation.

Relevant case law, as explained by Defendant, makes clear that New York courts have declined to recognize a duty in similar circumstances, and Plaintiff does not distinguish or otherwise dispute those cases. For example, Defendant cites to *Polzer v. TRW, Inc.*, where the Appellate Division affirmed the dismissal of a negligence claim against two credit card issuers for failing to detect that an imposter had opened credit cards in the plaintiffs' name. (Def.'s Mem. in Supp. at 6 (citing *Polzer v. TRW, Inc.*, 256 A.D.2d 248 (1998)).) The court in *Polzer* explained that "New York does not recognize a cause of action for 'negligent enablement of impostor fraud,' and that plaintiffs otherwise failed to state a cause of action in negligence, because [defendants] had no special relationship either with the impostor who stole the plaintiffs' credit information and fraudulently obtained credit cards, or with plaintiffs, with whom they stood simply in a creditor/debtor relationship." *Polzer*, 256 A.D.2d at 248. Similarly, PayPal had no special relationship with either Plaintiff or whoever stole her information to create the Fraudulent PayPal Accounts, and it therefore did not owe Plaintiff any duty.

Accordingly, Defendant's motion to dismiss the negligence claim is granted.

V.  *Breach of Implied Covenant of Good Faith and Fair Dealing Claim*

    a. Implied Covenant of Good Faith and Fair Dealing

"Under New York law, 'implicit in every contract is a covenant of good faith and fair dealing . . . which encompasses any promises that a reasonable promisee would understand to be

included.'" *Spinelli v. Nat'l Football League*, 903 F.3d 185, 205 (2d Cir. 2018) (quoting *New York Univ. Cont'l Ins. Co.*, 87 N.Y.2d 308, 318 (1995)). "Where there is no agreement, however, there can be no implied duty to act." *Mecca v. Lennon*, 2018 WL 3202067, at *2 (E.D.N.Y. Mar. 27, 2018) (citing *Banco Espirito Santo de Investimiento, S.A. v. Citibank, N.A.*, 2003 WL 23018888, at *5 (S.D.N.Y. Dec. 22, 2003)).

> b. The Motion to Dismiss Plaintiff's Implied Covenant of Good Faith and Fair Dealing Claim is Granted

Defendant argues that Plaintiff's claim for a breach of the implied covenant of good faith and fair dealing fails because there was no contract between the parties. (Def.'s Mem. in Supp. at 9.) Plaintiff does not dispute this, and instead asserts that "[w]here there is a bona fide dispute as to the existence of a contract, or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quasi contract…" (Pl.'s Mem. in Opp. at 22 (citing *Zuccarini v. Ziff-Davis Media, Inc.*, 306 A.D.2d 404, 405, 762 N.Y.S.2d 621, 622 (2003)).) She does not, however, argue that there is a bona fide dispute as to the existence of a contract, but rather that her claim should not be dismissed because "it could be won under a theory of quasi-contract." (Pl.'s Mem. in Opp. at 22.) Beyond this conclusory statement, she offers no argument in support of this quasi-contract theory.

Even if there were a contract between the parties, Plaintiff's claim fails for the same reasons that this claim failed against Chase. As discussed in that decision, any investigation into the Fraudulent PayPal Accounts would be a discretionary act, and Plaintiff has not alleged that PayPal acted arbitrarily or irrationally. *See Bibicheff v. Chase Bank USA, N.A.*, 2018 WL 4636817 at *4 (E.D.N.Y. Sept. 26, 2018) (citing *Spinelli*, 903 F.3d at 205). Accordingly, Plaintiff has not pled a claim for breach of the implied covenant of good faith and fair dealing, and Defendant's motion to dismiss that claim is granted.

VI.  *Unjust Enrichment Claim*

    a. Unjust Enrichment

"To state a claim for unjust enrichment in New York, a plaintiff must allege that (1) defendant was enriched (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendants to make restitution." *Labajo*, 478 F. Supp. 2d at 531.  If a plaintiff did not pay the fees in question, the plaintiff cannot recover under an unjust enrichment theory.  *Mueller v. Michael Janssen Gallery Pte. Ltd.*, 225 F. Supp. 3d 201, 209 (S.D.N.Y. 2016).

    b. The Motion to Dismiss Plaintiff's Unjust Enrichment Claim is Granted

Defendant argues that Plaintiff has not pled a claim for unjust enrichment because she did not pay any fees to PayPal.  (Def.'s Mem. in Supp. at 12.)  Plaintiff alleged in her complaint that PayPal collects a fee of 2.9% per merchant transaction, in addition to $0.30 per sale.  Defendant, citing to PayPal's website, argues that this merchant fee is paid by sellers rather than buyers.  (*Id*. at 12 n.3 (citing *PayPal Fees*, http://www.paypal.com/us/webapps/mpp/paypal-fees.))[1]  Because Plaintiff alleges the Fraudulent PayPal Accounts were used to purchase goods or services rather than provide them, Plaintiff would not have paid the merchant fees to PayPal.  (*Id*. at 12.)

Plaintiff does not dispute that the fees collected by PayPal are paid by the seller rather than buyer.  Nor does Plaintiff assert any other possible enrichment to PayPal, let alone one at her expense.  Instead, Plaintiff argues that she has "adequately allege[d] that Defendant could have benefited in a myriad of ways, of which Plaintiff cannot demonstrate unless [she] is given the opportunity to perform discovery."  (Pl.'s Mem. in Supp. at 24.)  Plaintiff does not so much as provide an example of what those "myriad of ways" might possibly be.  As noted above, the

---

[1]  The Court may take judicial notice of PayPal's website.  *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015).

Page **12** of 13

plausibility standard required to survive a motion to dismiss requires "more than a sheer possibility that defendant acted unlawfully." *Iqbal*, 556 U.S. at 678. In the absence of any allegation as to how PayPal was enriched at Plaintiff's expense, Plaintiff's claim for unjust enrichment fails, and Defendant's motion to dismiss on that basis is granted.

VII.    Remaining Claims

Plaintiff does not object to dismissal of her claims for negligent infliction of emotional distress, declaratory judgment, or punitive damages. Plaintiff does, however, oppose dismissal of punitive damages as a remedy. Because Plaintiff's claims have all been dismissed, the issue of damages is rendered moot.

VIII.   Leave to Amend

Plaintiff requests leave to amend "any matters that can be cured with an amendment to the pleading." (Pl.'s Mem. in Opp. at 26.) Even on a liberal reading of the facts and causes of action alleged, any further pleading would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

For the foregoing reasons, PayPal's motion to dismiss pursuant to Rule 12(b)(6) is granted with prejudice. The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York           s/ Denis R. Hurley
      May 4, 2020                              Denis R. Hurley
                                                            United States District Judge